IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: __5:08-00589__ |
| | ) | 21 USC § 846 |
| vs. | ) | 21 USC § 841(a)(1) |
| | ) | 18 USC § 2 |
| AVERY TERRELL HAIGLER | ) | 18 USC § 1956(h) |
|    a/k/a Joshua Damien Riley | ) | 18 USC § 1001 |
|    a/k/a "A-Town" | ) | 18 USC § 981(a)(1)(C) |
|    a/k/a "A" | ) | 18 USC § 982(a)(1) |
| MICHAEL ANTHONY PAUL TAYLOR | ) | 28 USC § 2461(c) |
| WILLIAM ALEXANDER MOORE | ) | |
|    a/k/a "Big Boo" | ) | **THIRD SUPERSEDING** |
| ROSHUNDA DENISE SHULER | ) | **INDICTMENT** |
| LEON DEVON DIZZLEY | ) | |
| SERKIA ARNESSIA HUGGINS | ) | |
| IEESHA MANIA BRISCOE | ) | |
| KEITH GLOVER | ) | |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around latter part of 2005, and continuing thereafter, up to and including the date of this Third Superseding Indictment, in the District of South Carolina, the defendants, **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A", MICHAEL ANTHONY PAUL TAYLOR, WILLIAM ALEXANDER MOORE, a/k/a "Big Boo", ROSHUNDA DENISE SHULER, and SERKIA ARNESSIA HUGGINS,** knowingly and intentionally did

combine, conspire and agree together and have tacit understanding with each other and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, a Schedule II controlled substance, said conspiracy involving 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack" cocaine), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about September 1, 2007, in the District of South Carolina, the defendant, **WILLIAM ALEXANDER MOORE, a/k/a "Big Boo",** knowingly, intentionally and unlawfully did possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about May 22, 2008, in the District of South Carolina, the defendants, **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A",** and **MICHAEL ANTHONY PAUL TAYLOR,** knowingly, intentionally and unlawfully did possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around the latter part of 2005, and continuing thereafter, up to and including the date of this Third Superseding Indictment, in the District of South Carolina and elsewhere, the defendants, **AVERY TERRELL HAIGLER, ROSHUNDA DENISE SHULER, LEON DEVON DIZZLEY, SERKIA HUGGINS,** and **IEESHA MANIA BRISCOE,** knowingly and willfully did combine, conspire, agree together and have tacit understanding with each other and with Brian Raynard Anderson and various other persons, both known and

unknown to the Grand Jury:

    1.    To conduct and attempt to conduct financial transactions [as that term is defined in Title 18, United States Code, Section 1956(c)(4)] in interstate commerce involving proceeds of specified unlawful activity [as that term is defined in Title 18, United States Code, Section 1956(c)(7)], said specified unlawful activity being conspiracy to distribute and distribution of controlled substances, with the intent to promote the carrying on of specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, with the intent to avoid federal reporting requirements, and with specific knowledge that the property involved in the transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii);

    2.    To knowingly engage and attempt to engage in financial transactions [as that term is defined in Title 18, United States Code, Section 1957(f)], in criminally derived property of a value in excess of $10,000, said property having been derived from a specified unlawful activity [as that term is defined in Title 18, United States Code, Section

4

1956(c)(7)], said specified unlawful activity being conspiracy to distribute and distribution of controlled substances, in violation of Title 18, United States Code, Section 1957;

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about June 23, 2008 and June 24, 2008, in the District of South Carolina, the defendant, **KEITH GLOVER,** in a matter within the jurisdiction of the executive branch of the government of the United States, knowingly and willfully did make material false statements to agents of the Drug Enforcement Administration (DEA) and the Internal Revenue Service (IRS), in that the defendant provided false information about the payment of approximately $50,000 cash fee on a bond the defendant had posted for Avery Haigler;

In violation of Title 18, United States Code, Section 1001.

## FORFEITURE

1. <u>DRUG TRAFFICKING OFFENSES</u>:

A. Upon conviction for one or more felony violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), as charged in Counts 1 through 2 of this Third Superseding Indictment, the defendants, **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A",** and **MICHAEL ANTHONY PAUL TAYLOR**, shall forfeit to the United States all of the defendant's right, title and interest in and to any property, real and personal,

- (1) constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

- (2) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation(s) of Title 21, United States Code;

- (3) any firearms and ammunition (as defined in Title 18, United States Code, Section 921)--

    - (a) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

2. <u>MONEY LAUNDERING OFFENSES</u>:

A. Upon conviction for the money laundering offense alleged in Count 4 of the Third Superseding Indictment, the Defendants, **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A",**

6

**ROSHUNDA DENISE SHULER, LEON DEVON DIZZLEY, SERKIA HUGGINS,** and **IEESHA MANIA BRISCOE**, shall each forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all of the Defendant's right, title and interest in and to

 (1) any property, real and personal, involved in such offense, and any property traceable to such property;

3. PROPERTY:

A. Pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), Title 18 United States Code, Sections 981(a)(1)(C), 982(a)(1)and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the defendants for offenses charged in this Third Superseding Indictment includes, but is not limited to, the following:

(1) Cash / Money Judgment:
A sum of money equal to all proceeds the defendants obtained directly or indirectly from the illegal offenses set forth in this Third Superseding Indictment, that is, a minimum of approximately $750,000.00 in United States currency, and all interest and proceeds traceable thereto, in that such sums were received in exchange for controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and were used or intended to be used to facilitate such offenses, including, but not limited to, the following:

(a) Approximately $74,810.00 in cash seized from **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A"**, on August 29, 2007, at the Orangeburg County Detention Center in Orangeburg, SC;

 (b) Approximately $47,210.00 seized from a safe deposit box registered in the name of Serkia Arnessia Huggins located at Bank of America in Orangeburg, SC on May 23, 2008;

 (c) Approximately $9,052.00 in U.S. currency seized from Serkia Huggins on 5/22/2008 from 316 Misty Glen Circle, Irmo, SC.

(2) <u>Vehicles:</u>

 (a) 2006 BMW 650i
   VIN# WBAEK13466CN75342
   SC License Tag: Dealer Tag
   Registered Owner: Unique Cars

 (b) 2005 Infinity QX56 SUV
   VIN# 5N3AA08A35N802909
   SC License Tag: 634 XGF
   Registered Owner: Unique Cars

 (c) 2003 BMW 745i
   VIN# WBAGN63473DR16055
   SC License Tag: U12955
   Registered Owner: Ieesha Mania Briscoe

 (d) 2005 Cadillac SBX SUV
   VIN# 1GYEE637X50144272
   SC License Tag: 239 VHW
   Registered Owner: Ieesha Mania Briscoe

(3) <u>Real Property</u>:
All right, title and interest of the defendant, **AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a "A-Town", a/k/a "A"**, in and to certain real property, together with all improvements thereon, and with all rights and easements appertaining, including, but not limited to, the following:

 (a) Lot 37, Phase III
   Misty Glen Subdivision
   316 Misty Glen Circle

Irmo, South Carolina 29063
Titled in the name of: Avery Haigler
Deed Book 1307 at Page 2617

All that certain piece, parcel, or lot of land, with the improvements thereon, situate, lying, and being in the County of Richland, State of South Carolina, being shown and delineated as Lot 37, on a plat prepared for Carlos A. Sandoval, Jr. and Sheri S. Sandoval by Belter & Associates, Inc. dated September 12, 2000 and recorded September 26, 2000 in the Office of the Register of Deeds for Richland County in Book 446 at Page 1495. Reference being made to said plat for a more complete and accurate description.

This being the same property conveyed to Avery Haigler by deed of Karl A. Mellenger and Frances R. Mellenger dated April 25, 2007 and recorded April 27, 2007 in the Office of the Register of Deeds for Richland County, South Carolina in Book 1307 at Page 2617.

TMS# R03403-02-08

(b)  825 Dash Street
     Orangeburg, SC 29115
     Orangeburg County, South Carolina
     Titled in the Name of: Roshunda Shuler

All that certain piece, parcel or lots of land, situate, lying and being in the School District No. 5 (outside), State and County aforesaid. The same being more fully designated as a portion of Lot No. 8 on a plat of property made for Same Dash by H. Frank Cain, C.E., dated June 6, 1961. The same being bounded and measuring as follows: Northeast by proposed road and measuring thereon seventy (70) feet; Southeast by the remainder of Lot No. 8 on the aforesaid plat which has been conveyed to Shell Homes, Inc. of Orangeburg, Inc. now known as Winchester Graham Homes of Orangeburg, Inc. and measuring thereon one hundred twenty-five (125) feet; Southwest by lands of Redmond and Howell and measuring thereon seventy (70) feet; Northwest

9

by Lot No. 7, on aforesaid plat and measuring thereon one hundred twenty-five feet.

This being the same property conveyed to Roshunda Shuler by deed of Brian Anderson dated September 10, 2007 and recorded September 12, 2007, in Book 1228, Page 116, in the official records of Orangeburg County Register of Deeds, Orangeburg, South Carolina.

TMS# 0174-16-02-022

(4)     SUBSTITUTION OF ASSETS:

A.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s) –

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant(s) up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Sections 853, Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

A ___*True*___ Bill

███████████████████████
FOREPERSON

███████████████
W. WALTER WILKINS      (jdr)
UNITED STATES ATTORNEY

11