IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO.: 5:08-cr-00589-MBS |
| ) | |
| vs. ) | |
| ) | |
| AVERY T. HAIGLER, ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF THE MOTION TO SUPPRESS**

The Defendant, Avery T. Haigler, by and through his undersigned attorney, files this memorandum in support of the Defendant's Motion to Suppress any and all physical objects, pre-arrest and post-arrestment statements of the Defendant, and any and all other physical evidence which was obtained by the government as a result of any illegal wiretaps, all in violation of the Fourth, Fifth and Sixth Amendments to the United States Constitution.

> Any attorney for the Government (as such term is defined for the purposes of the Federal Rules of Criminal Procedure) may authorize an application to a Federal judge of competent jurisdiction for, and such judge may grant, in conformity with section 2518 of this title, an order authorizing or approving the interception of electronic communications by an investigative or law enforcement officer having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of any Federal felony. (18 U.S.C. §2516 (3)).

In the case at bar, an application for a continued Title III interception was approved by The Honorable Margaret Seymour on February 13, 2008. United States statute requires that each application for a court authorized wiretap contain "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief

1

that an order should be issued." 18 U.S.C. §2518(1)(b).  <u>United States v. Wilson</u>, 484 F.3d 267, further explains that §2518(3) places "a burden on the Government to show the "necessity" of any wiretap application via a full and complete statement as to whether "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." <u>United States v. Wilson</u>, 484 F.3d 267 *citing* 18 U.S.C.A. §2518(3).  In the case at bar, the Defendant has not been provided with any documentation relating to a Court authorized Title III interception including, but not limited to, any applications, affidavits, testimony, orders, reports or any other miscellaneous documents which may relate to the existence of probable cause, other available investigative techniques, and length and limitations of the wiretap.  As such, the Defendant is forced to believe that the Government has failed to meet the burden of proof for a Title III interception, and all wiretaps involved in the above referenced litigation are unconstitutional and a violation of the Fourth, Fifth and Sixth Amendments to the United States Constitution.

      Furthermore, the Defendant feels it is unnecessary and a hindrance to justice that the Government has refused to produce the documents involved in this Title III interception, and that this act of defiance on the part of the Government further strengthens the argument of the Defendant that the application and affidavits involved in the Title III interception are lacking.  In the often-quoted language of Justice Berger in <u>Sutherland v. United States</u>,

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not

2

    escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.  295 U.S. 78, 88, 55 S.Ct. 629, 633 (U.S. 1935), overruled on other grounds by Stirone v.United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); see also U.S. v. Williams, 504 U.S. 36 (1992); U.S. v. Okenfuss, 632 F.2d 483, 486 (5th Cir. 1980); U.S. v. Garza, 608 F.2d 659, 663 (5th Cir. 1979).

In the interest of justice, the Defendant would hereby request that the Court issue an Order suppressing any and all physical objects, pre-arrest and post-arrestment statements of the Defendant, and any and all other physical evidence which was obtained by the government during the May 22, 2008 traffic stop based on the existence of an illegal and unconstitutional wiretap.

    The Defendant, by and through his undersigned attorney, reserves the right to argue additional points of law should they become available to the Defendant prior to the hearing on this matter.

                              Respectfully Submitted:

                              BY:  S/JERRY LEO FINNEY___
                                   JERRY LEO FINNEY
                                   The Finney Law Firm, Inc.
                                   2117 Park Street
                                   Columbia, South Carolina 29201
                                   (803) 254-7408
                                   Federal I.D. No.:  6489

Columbia, South Carolina
May 28, 2009